FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SEP 1 5 2004

UNITED STATES OF AMERICA,

Plaintiff,

v.

LARRY E. GREGORY,

Defendant.

CLERK

No. CIV-04-0587 JP/KBM
CR-98-659 JP

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, under Rule 4(b) Governing Section 2255 Proceedings, to consider Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #112) filed August 5, 2004. In his motion Defendant asserts that, under the recent decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), his sentence is illegal. Defendant appears to ask that his sentence be recalculated. The motion will be dismissed.

Defendant was convicted after pleading guilty to the indictment. His claim is that the increase of his sentence was based on facts other than those charged in the indictment or proven beyond a reasonable doubt. This claim arises under *Blakely*, which applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Blakely*, 124 S. Ct. at 2536. The Court in *Apprendi* held that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. In *Blakely*, the Court applied the *Apprendi* rule in reversing a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. 124 S. Ct. at 2538. The Tenth Circuit has ruled that *Apprendi* "is not a watershed decision and hence is not retroactively applicable to initial



habeas petitions." *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002); *see also United States v. McFadden*, No. 01-6373, 2002 WL 1435913, at **2 (10th Cir. July 3, 2002) (same for § 2255 motions). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced *Apprendi* rule, *see Blakely*, 124 S. Ct. at 2536, and is thus not available to Defendant on collateral review of his criminal conviction. *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (holding that *Blakely* does not apply on collateral review); *Simpson v. United States*, 376 F.3d 679, 680-81 (7th Cir. 2004) (same). The Court will dismiss Defendant's motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. #1; CR Doc. #112) filed August 5, 2004, is hereby DISMISSED, and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this order.

UNITED STATES DISTRICT JUDGE